JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cristian Jesus Salazar Montes,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent.[1] | No. CV-26-03664-PHX-DJH (MTM)<br><br>**ORDER** |

Petitioner Cristian Jesus Salazar Montes, who is proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention. The Court ordered Respondent to show cause why the Petition should not be granted (Doc. 4). On June 29, 2026, Respondent filed a Response (Doc. 9). On July 13, 2026, Petitioner filed a Motion to Accept Late Traverse together with a Reply (Doc. 10). The Court will grant the Motion and has considered the Reply. For the reasons set forth below, the Court will dismiss Ground Three in part without prejudice for failure to exhaust administrative remedies and will otherwise deny the Petition.

## I. Background

Petitioner is a native and citizen of Mexico. (Doc. 9-1 at 2, 16.) He was admitted to the United States at Nogales, Arizona, on or about August 3, 2007, as a nonimmigrant

[1] Respondent contends that the "Court should dismiss all Respondents other than Warden Rokowsky [sic]." (Doc. 9 at 2.) Respondent Rokosky, however, is the only Respondent. Respondent's request is therefore denied.

visitor for pleasure, with authorization to remain for no more than six months. (Doc. 9-1 at 2, 16, 22.)[2]

On February 25, 2014, Petitioner was arrested by the Gilbert Police Department on three felony drug charges. (Doc. 9-1 at 18, 23.) No complaint was filed on two of those charges, and the third was dismissed by the court on September 16, 2014. (Doc. 9-1 at 18-19.) On March 3, 2014, the Department of Homeland Security served Petitioner with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained in the United States longer than permitted. (Doc. 9-1 at 2.) Those proceedings were administratively closed on October 6, 2016. (Doc. 9-1 at 17.)

On January 24, 2026, Petitioner was arrested by the Phoenix Police Department and charged with extreme driving under the influence, driving under the influence, and narcotic drug possession or use. (Doc. 9-1 at 17, 19.) The record states that Petitioner has not been convicted of those charges. (Doc. 9-1 at 17.) On January 25, 2026, Immigration and Customs Enforcement took Petitioner into custody. (Doc. 9-1 at 16-17, 20.) He has been detained at the Eloy Detention Center since that date. (Doc. 1 at 1, 10.)

On March 17, 2026, an Immigration Judge ("IJ") denied Petitioner's application for cancellation of removal for nonpermanent residents under 8 U.S.C. § 1229b(b)(1), denied his application for voluntary departure, and ordered him removed to Mexico. (Doc. 9-1 at 6-7.)[3]

The same day, in separate custody redetermination proceedings, an IJ denied Petitioner's request for a change in custody status, finding that Petitioner is a "danger to the community based on his criminal history and pending DUI charge." (Doc. 9-1 at 33.)

---

[2] The Petition states that Petitioner entered the United States in 2013. (Doc. 1 at 4, 10.)

[3] The Response describes the denied application as one for asylum. (Doc. 9 at 2.) The IJ's order reflects that the applications denied were for cancellation of removal for nonpermanent residents and for post-conclusion voluntary departure. The asylum, withholding, and Convention Against Torture boxes are unmarked. (Doc. 9-1 at 5-6.) The distinction does not affect the analysis.

Petitioner reserved appeal, and the order states that any appeal was due April 17, 2026. (*Id.* at 34.)

On April 15, 2026, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (Doc. 1 at 2, 8.) Both parties describe the appeal as a challenge to the removal order. (*Id.* at 2; Doc. 9 at 1.) The appeal remains pending. (Doc. 1 at 8; Doc. 9 at 1-2.) The record contains no notice of appeal, briefing notice, or other document reflecting an appeal from the IJ's March 17, 2026 custody order.

## II. Discussion

### A. Applicable Detention Statute

The Immigration and Nationality Act ("INA") supplies several statutes authorizing the detention of aliens placed in removal proceedings, including 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Here, it is undisputed that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Doc. 9 at 2.) Section 1226(a) is the "default rule" for the detention of aliens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Detention under 8 U.S.C. § 1226(a) is discretionary. The statute authorizes but does not require detention, and it expressly permits release on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Its implementing regulations provide for custody redetermination hearings before an IJ. 8 C.F.R. §§ 236.1(d), 1236.1(d).

### B. Jurisdiction

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment

regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court has "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Jurisdiction, however, is not the end of the inquiry. An alien who wishes to challenge an IJ's custody determination must first appeal that determination to the BIA. When a petitioner has not done so, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (requiring exhaustion of constitutional claims that the BIA can review on appeal).

### C. Ground Three: Petitioner Has Not Exhausted His Challenge to the Custody Determination

"The doctrine [of exhaustion] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v.*

*Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In other words, an exhaustion requirement "means using all steps that [an] agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis omitted).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Leonardo*, 646 F.3d at 1160; *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Exhaustion is required "because agency expertise is often needed to generate a proper administrative record, because relaxing exhaustion would only encourage detainees to deliberately bypass available administrative remedies, and because administrative review can often correct the errors alleged—eliminating any need for federal habeas review." *Fan v. Bondi*, No. 5:25-cv-3619-SK, --- F. Supp. 3d ----, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6, 2026) (citing *Puga*, 488 F.3d at 815).

Here, Ground Three challenges the IJ's March 17, 2026 denial of bond and Petitioner's continued detention without bond. (Doc. 1 at 6.) Petitioner reserved appeal from the custody determination, and any appeal was due by April 17, 2026. (Doc. 9-1 at 33-34.) Although the Petition states that Ground Three was presented to the BIA and to the Eloy Immigration Court (Doc. 1 at 6), the record does not reflect an appeal from the custody determination, and both parties describe Petitioner's April 15, 2026 appeal as a challenge to the order of removal. (Doc. 1 at 2, 8; Doc. 9 at 1.) In his Response, Respondent directs Petitioner to that unused remedy, stating that he "should utilize these administrative remedies including appeal with the BIA[.]" (Doc. 9 at 3.) The Court finds that Ground Three's challenge to the custody determination is unexhausted.

A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (quoting *Aden*, 2019 WL 5802013, at *2). As explained below, the Court finds that Petitioner has not carried that burden.

Ground Three is framed in constitutional terms. It asserts that the denial of bond and Petitioner's continued detention violate his rights. (Doc. 1 at 6.) A constitutional label does not, by itself, excuse exhaustion. Although "[a]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures," the "key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013). That is, a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." *Rojas-Garcia*, 339 F.3d at 819.

Any asserted error in the IJ's March 17, 2026 custody determination, whether procedural or substantive, is correctable by the BIA on appeal. 8 C.F.R. § 1003.19(f); *see Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process."); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims"); *Sun*, 370 F.3d at 944 n.18 (explaining that if "an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it"). Because the BIA can decide the claim Ground Three presents, the administrative remedy is not inadequate.

Petitioner does not address the *Laing* factors. His declaration states that he suffers from the detention and that his detention causes stress to his eight-year-old daughter, who needs his support. (Doc. 1 at 10.) Liberally construed, those statements assert irreparable injury. Detention that follows a bond hearing, however, is not by itself irreparable harm sufficient to waive the exhaustion requirement. *See, e.g.*, *Aden*, 2019 WL 5802013, at *3; *Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (continued detention while a BIA appeal of a bond denial is pending does not, without more, establish irreparable injury), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 854 F. App'x 190 (9th Cir. 2021). *But cf. Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (excusing exhaustion where continued detention was exacerbating the petitioner's diagnosed post-traumatic stress disorder). Petitioner's assertions of hardship, accepted as true, do not approach the particularized showing made in *Hilario Pankim*.

*Leonardo* is instructive. There, a detained alien received a bond hearing, was denied bond, and sought review of the IJ's decision in the district court without first appealing to the BIA. 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper" and that the district court should have dismissed the petition without prejudice or held it in abeyance pending exhaustion. *Id.* at 1160. The exhaustion rule is not an empty formality. As the court explained in *Fan*:

> [T]o enforce exhaustion—in a case like this one especially—is not to relegate detainees to a phantom zone of administrative bureaucracy. Nor is it to diminish in any way the real-world consequences of physical confinement. It is only to say that, in the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA.

*Fan*, 2026 WL 2276462, at *15.

In sum, Petitioner has not carried his burden of showing that any *Laing* factor excuses exhaustion. Consistent with *Leonardo*, Ground Three's challenge to the custody determination will be dismissed without prejudice.

That leaves Grounds One and Two, and Ground Three's remaining assertion that Petitioner's continued detention has become punitive. Ground One, as explained below, states no independent claim. Exhaustion is not required as to Ground Two or as to Ground Three's punitive-detention assertion because those claims present issues that the BIA has no authority to review, namely the lawfulness of Petitioner's arrest and the constitutionality of his continued detention. *See Sola*, 720 F.3d at 1135. For the reasons explained below, the remaining Grounds will be denied.

**D. Ground One States No Independent Claim**

Ground One is captioned as an introduction, and its supporting facts recount Petitioner's history in the United States, his January 2026 arrest, his family circumstances, and the proceedings before the IJ. (Doc. 1 at 4.) The Court has construed the Petition liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (a document filed pro se is "to be liberally construed"). So construed, Ground One supplies factual background for the claims presented in Grounds Two and Three, and the Court has considered those facts in addressing those Grounds. Ground One does not, however, identify an independent legal basis for habeas relief.

To the extent Ground One could be read to challenge the IJ's denial of cancellation of removal or the order of removal itself, this Court lacks jurisdiction to review that challenge. A petition for review filed with the court of appeals is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Ground One is therefore denied.

**E. Ground Two: The Manner of Petitioner's Arrest Does Not Entitle Him to Release**

Ground Two alleges that immigration officers arrested Petitioner without notice and without an arrest warrant. (Doc. 1 at 5.) The Court need not decide whether Petitioner's

January 25, 2026 arrest complied with the statutes and regulations that govern immigration arrests. As explained below, even an unlawful arrest would not entitle Petitioner to the relief he seeks.

An unlawful arrest does not entitle an alien to release from custody or to termination of removal proceedings. The "object [of a writ of habeas corpus] is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" in a petition for writ of habeas corpus where the detainee was lawfully subject to detention under the relevant immigration statute); *Garcia Juarez v. Larose*, No. 3:26-cv-03991-LEK-MMP, 2026 WL 2297000, at *4 (S.D. Cal. Aug. 10, 2026) (stating that "even if Petitioner's arrest was unlawful, release is not a remedy for an unlawful immigration arrest"); *Rodrigues De Oliveira v. Joyce*, No. 25-291, 2025 WL 1826118, at *5 (D. Me. July 2, 2025) ("Petitioner's argument that an illegal arrest automatically results in an illegal detention is misguided . . . [E]ven if Petitioner's initial arrest was unlawful, her detention pending removal may stand."). Petitioner is detained under 8 U.S.C. § 1226(a), and the lawfulness of his present detention does not turn on the manner of his arrest. Ground Two's challenge to the arrest therefore fails.

**F. Grounds Two and Three: Petitioner's Detention Is Neither Indefinite Nor Punitive**

The remainder of Ground Two asserts that Petitioner's removal is not significantly likely in the reasonably foreseeable future. (Doc. 1 at 5.) That standard comes from *Zadvydas v. Davis*, 533 U.S. 678 (2001), which construed 8 U.S.C. § 1231(a)(6), the statute

that governs detention after a removal order becomes final. Petitioner is not detained under that provision. As set out above, his detention is authorized by 8 U.S.C. § 1226(a), and his removal order is not final because his appeal remains pending before the BIA. (Doc. 1 at 8; Doc. 9 at 1-2.) *Zadvydas* therefore does not govern.

Detention under 8 U.S.C. § 1226(a) is not indefinite. It ends when the removal proceedings conclude. *Prieto-Romero*, 534 F.3d at 1063. Unlike the aliens in *Zadvydas*, Petitioner is not stuck in a "removable-but-unremovable limbo," *id.*, and he does not contend that Mexico will refuse to accept him. Rather, he asserts that his removal is not reasonably foreseeable because review of his case remains pending before the BIA. (Doc. 1 at 5.) Although Petitioner's "detention lacks a certain end date, [ ] this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Prieto-Romero*, 534 F.3d at 1063 (emphasis in original).

The Ninth Circuit has sustained detention under 8 U.S.C. § 1226(a) for periods longer than the approximately eight months at issue here. *See Rodriguez Diaz*, 53 F.4th at 1207-10 (remanding for dismissal of a § 1226(a) detainee's habeas petition where he had been detained for approximately fourteen months after his initial bond hearing); *Prieto-Romero*, 534 F.3d at 1063 (nearly three years).

Ground Three adds that Petitioner's continued detention without bond has become punitive rather than administrative. (Doc. 1 at 6.) Detention under 8 U.S.C. § 1226(a) is civil and serves a regulatory purpose. It secures an alien's presence pending the outcome of his removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing "detention during deportation proceedings as a constitutionally valid aspect of the deportation process"). Petitioner has received the process that 8 U.S.C. § 1226(a) provides. Section 1226(a) and its implementing regulations afford a detained alien procedural protections, including a bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to seek a new hearing upon a material change in circumstances, and the right to appeal to the BIA. *Rodriguez Diaz*, 53

F.4th at 1197, 1202-03. Petitioner received a custody redetermination on March 17, 2026, and the IJ stated the reason for denying a change in custody status. (Doc. 9-1 at 33.) If Petitioner's circumstances materially change, he may request a new custody redetermination. 8 C.F.R. § 1003.19(e). Respondent agrees that "[n]othing bars Petitioner from requesting additional bond hearings." (Doc. 9 at 2-3.) The length of Petitioner's detention has not transformed it into punishment. The remaining claims in Grounds Two and Three are therefore denied.

Therefore,

**IT IS ORDERED** that Petitioner's Motion to Accept Late Traverse (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied in part** and **dismissed in part**, as set forth below.

**IT IS FURTHER ORDERED** that Ground Three's challenge to the IJ's March 17, 2026 custody determination is **dismissed without prejudice** for failure to exhaust administrative remedies, and Ground Three is otherwise **denied**.

**IT IS FURTHER ORDERED** that Grounds One and Two of the Petition are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 7th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge